10-4765-ag
Rayamajhi v. Holder

BIA
Weisel, IJ
A088 778 546
A088 778 547

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of May, two thousand twelve.

PRESENT:
>
> JOHN M. WALKER, JR.,
> ROBERT D. SACK,
> REENA RAGGI,
>     *Circuit Judges.*

——————————————————————————————

SABINA RAYAMAJHI, KARSANG GURUNG,
        *Petitioners,*

        v.                                          10-4765-ag
                                                     NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

——————————————————————————————

FOR PETITIONERS:        Charles Christophe, Christophe Law
                        Group, P.C., New York, New York

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; James A. Hunolt, Senior
                        Litigation Counsel; Sarah L. Vuong,
                        Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Sabina Rayamajhi, a native and citizen of Nepal, seeks review of an October 27, 2010 order of the BIA, affirming the November 18, 2008 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied Rayamajhi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *See In re Rayamajhi,* Nos. A088 778 546/547 (B.I.A. Oct. 27, 2010), *aff'g* Nos. A088 778 546/547 (Immig. Ct. N.Y. City Nov. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-

---

[1] Because Rayamajhi was the lead applicant, and her husband, Karsang Gurung, was a derivative beneficiary, we refer only to Rayamajhi throughout this order.

established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Rayamajhi argues that the agency erred in finding that she was not persecuted on account of her political opinion. Section 101(a)(3) of the REAL ID Act of 2005, applicable here because Rayamajhi filed her application in 2008, provides that an asylum applicant "must establish that [a protected ground] was or will be at least one central reason for" the claimed persecution. 8 U.S.C. § 1158(b)(1)(b); *see Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). In support, she points to her testimony that she was a member of the Nepal Students' Union ("NSU") from 2002 to 2003; that in 2007, she received two notes demanding that she renounce the NSU and donate to the Maoist party; and that shortly thereafter, Maoists broke into her home, demanded money, stole money and property, hit her, and threatened her.

The agency properly weighed Rayamajhi's testimony that she was persecuted based on her political views alongside evidence supporting the contrary conclusion that the Maoists' central aims were to extort and steal Rayamajhi's money and property. Rayamajhi was only an NSU member from 2002 until May 2003, at which time she left Nepal and spent nearly four years in the United States. Even when Rayamajhi

3

was an NSU member years before the alleged persecution, her political activities were limited to going to street protests. Further, while the Maoists who broke into Rayamajhi's house said that she had not "pa[id] attention to [their] note[s]," the record does not indicate whether the Maoists were referring to the notes' demand for money, their demand that Rayamajhi renounce the NSU, or both. In light of all this evidence, a reasonable factfinder could conclude that Rayamajhi's political views were "incidental, tangential, superficial, or subordinate" to the Maoist's primary objective of stealing from Rayamajhi. *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (B.I.A. 2007). Accordingly, substantial evidence supports the agency's conclusion that Rayamajhi did not demonstrate that either the harm she suffered or her fear of future harm bore a sufficient nexus to a protected ground. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007).

To the extent that Rayamajhi argues that the IJ failed to develop the record by questioning her about her political activities, we decline to address the issue because Rayamajhi failed to exhaust it before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). Having found that Rayamajhi did not establish a

4

sufficient nexus to a protected ground, the agency did not err in denying her asylum and withholding of removal. *See Jin Jin Long v. Holder*, 620 F.3d 162, 166 (2d Cir. 2010); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (B.I.A. 2010) (holding that "one central reason" nexus standard of REAL ID Act applies to withholding of removal). The agency also reasonably denied Rayamajhi CAT relief, finding that the fact that the police investigated the break-in incident after Rayamajhi reported it indicated that the Nepalese government was not likely to acquiesce in any harm she might face at the hands of the Maoists. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5